J-S08005-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOJAN CASANOVA-CRUZ, | : | |
| | : | |
| Appellant | : | No. 656 EDA 2014 |

Appeal from the Judgment of Sentence January 22, 2013,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0002741-2012

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　**FILED FEBRUARY 27, 2015**

Jojan Casanova-Cruz ("Casanova-Cruz") appeals from the judgment of sentence imposed following his conviction, by virtue of guilty plea, of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123.  His court-appointed counsel ("Counsel") has filed a motion seeking permission to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Following our review, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Counsel seeking to withdraw pursuant to ***Anders*** must fulfill certain requirements.　These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

*Id.* (citations omitted).

Moreover, there are requirements as to precisely what an *Anders* brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether

- 2 -

the appeal is in fact wholly frivolous." *Id.* at 354 n.5; *see also* ***Commonwealth v. Harden*** 103 A.3d 107, 111 (Pa. Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case.").

We conclude that Counsel has complied with these requirements. He has filed an application with this Court stating that after reviewing the record, he finds this appeal to be frivolous and without merit. In conformance with ***Santiago***, the brief filed by Counsel includes a summary of the procedural history and sets forth one issue that could arguably support an appeal. Counsel also discusses why it would be frivolous to raise this issue on appeal and states his conclusions to that effect. Counsel states that he can find no non-frivolous issues that could be raised on appeal. Finally, Counsel has appended to his petition the letter that he sent to Casanova-Cruz, which enclosed his application to withdraw and ***Anders*** brief, and advised Casanova-Cruz that he may proceed pro se or with private counsel. Accordingly, we undertake our independent review to determine whether this appeal is wholly frivolous.

The trial court summarized the facts underlying Casanova-Cruz's conviction as follows:

> On April 17, 2012, Allentown Police Department detectives received a report that a twenty-one year-old male, [Casanova Cruz], was engaging in sexual

intercourse with a fifteen-year-old female, G.P. The same day, G.P.'s mother took her to Sacred Heart Hospital in Allentown to be examined upon learning that G.P. was having sexual contact with [Casanova-Cruz]. A sexual assault kit was utilized and G.P.'s underwear was obtained from the hospital.

Theresa Rentko, a child interview specialist, interviewed G.P. During the interview, G.P. admitted that she and [Casanova-Cruz] had a "relationship" throughout the course of which they engaged in anal intercourse approximately ten times between February 7, 2012 and April 16, 2012. She indicated that after the anal intercourse, she had "white stuff" in her underwear, and noted that on two occasions, she experienced anal bleeding. She also indicated that [Casanova-Cruz] digitally penetrated her vagina and had her perform oral sex on him, after which he ejaculated in her mouth. G.P. reported that these incidents occurred at her residence. She portrayed the contact as consensual. [Casanova-Cruz] is G.P.'s step-cousin. When G.P. explained the existence of the relationship to her mother, her mother did not want them together and reported [Casanova-Cruz's] activities to the police.

[Casanova-Cruz] was interviewed and admitted to having sexual relations with G.P. He claimed she was still a virgin because he only penetrated her anally. He later asserted that he thought she was seventeen at first, and learned during their second sexual encounter that she was only fifteen. He learned that G.P. liked him and the two of them had a relationship.

On May 2, 2012, [Casanova-Cruz] was charged with [i]nvoluntary [d]eviate [s]exual [i]ntercourse with a [p]erson [l]ess than [sixteen] [y]ears of [a]ge, graded as a [f]elony of the [f]irst [d]egree[;] [s]tatutory [s]exual [a]ssault, graded as a [f]elony of the [s]econd [d]egree[;] [a]ggravated [i]ndecent [a]ssault, graded as a [f]elony of the [s]econd [d]egree[;] [i]ndecent [a]ssault on a [p]erson less

than [sixteen] [y]ears of [a]ge, graded as a [m]isdemeanor of the [s]econd [d]egree, and [c]orruption of [m]inors, graded as a [f]elony of the [t]hird [d]egree. The charges were bound over to the Court of Common Pleas on June 19, 2012. [Casanova-Cruz] was represented by Attorney Gregory R. Noonan, privately retained counsel for all relevant proceedings.

On October 19, 2012, [Casanova-Cruz] entered a negotiated guilty plea to [c]ount [o]ne, [i]nvoluntary [d]eviate [s]exual [i]ntercourse. On January 22, 2013, following a sentencing hearing, the Court sentenced [him] to a period of six-and-a-half (6½) to fifteen (15) years [of incarceration] in a State Correctional Institute, an aggravated range sentence. [Casanova-Cruz] did not file any post-sentence motions or an appeal.

Trial Court Opinion, 3/20/14, at 1-3 (footnotes omitted).

Casanova-Cruz filed a pro se PCRA petition and counsel was appointed. By virtue of an agreement with the Commonwealth, Casanova-Cruz's post-sentence and direct appeal rights were reinstated. Casanova-Cruz filed a post-sentence motion challenging his sentence as excessive and arguing that the trial court failed to state sufficient reasons for the sentence on the record at the time of sentencing. Corrected Motion to Modify Sentence, 2/4/14, at 3. The trial court denied Casanova-Cruz's motion, and this timely appeal follows.

Counsel presents only one issue of potential merit: Whether the sentence imposed was manifestly excessive and unreasonable. *Anders* Brief at 7. This claim is addressed to the discretionary aspects of Casanova-

Cruz's sentence. The discretionary aspects of a sentence are not appealable as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). Before we may review the merits of a challenge to the discretionary aspects of a sentence, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

The record reveals that Casanova-Cruz's notice of appeal was timely filed and that he raised this claim in a post-sentence motion, and so the first two requirements as set forth above have been satisfied. We further conclude that Casanova-Cruz's brief does not suffer from a fatal defect, as Counsel has included the requisite statement pursuant to Pa.R.A.P. 2119(f) in the brief he has filed on appeal. The fourth factor of the **Evans** test as set forth above requires that we consider whether the issue presented by Counsel raises a substantial question requiring us to review the discretionary aspects of the sentence. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). A

- 6 -

substantial question exists only when an appellant advances a colorable argument that the sentence is either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. **Id.** Presently, Counsel alleges that Casanova-Cruz's sentence is inappropriate because the trial court imposed his sentence without giving "meaningful consideration to any of the relevant factors as is [sic] set forth in [§ 9721(b) of] the Sentencing Code or set[ting] forth reasons to justify the length of the minimum sentence." **Anders** Brief at 10. These claims raise substantial questions so as to invoke our review. **See Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012); **Commonwealth v. McNabb**, 819 A.2d 54, 56 (Pa. Super. 2003).

Section 9721(b) of the Sentencing Code provides, in relevant part, as follows:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a

> statement of the reason or reasons for the sentence
> imposed.

42 Pa.C.S.A. § 9721(b) (footnote omitted). The transcript reveals that the mother of the victim provided a victim impact statement which indicated that because of Casanova-Cruz's actions, the victim and her family have been in therapy; the victim's father abandoned the victim and her family; and the family moved because "of the constant reminder because everything happened in our home." N.T., 1/22/13, at 6-7. The trial court considered the sentencing guideline ranges, as agreed upon by both parties, as well as the pre-sentence investigation report and the fact that the SOAB Board determined that Casanova-Cruz is not a sexually violent predator. *Id.* at 9, 34. The record also reveals the following:

> [Trial court]: Mr. Casanova-Cruz, your casualness with how you address the way you victimized the young girl [as expressed in the pre-sentence investigation report], who is a family member, is so disturbing that it is without a doubt a case where you do not deserve a mitigated[-]range sentence. For you to justify your anal rape of a [fifteen] year old girl on the grounds that she was still a virgin because of a lack of vaginal penetration is astounding and shows a lack of your comprehension of how wrong your behavior was.
>
> [Casanova-Cruz]: May I say something?
>
> [Trial court]: All right.
>
> [Casanova-Cruz]: Everything that happened there – every time I arrived in the evening – she was not an innocent girl. She enticed me all the time. Every time that she arrived home, she was wearing [] long

> pants, and then she would go up to her bedroom and change that – wearing a skirt with no pants underneath, and she was always getting close to me, like, all the time wanting to be with me. And I told her that the mother wasn't going to take this lightly because she was a minor, and that I was a cousin of her husband, and I appreciate the help she gave me allowing me to stay in her house, but on my part, if she wouldn't have provoked me, nothing would have happened. That's all.
>
> [Trial court]: I think you just confirmed my earlier statement. You are a grown man; and to describe yourself as being incapable of sexually violating a [fifteen][-]year[-]old girl – not once, but as many as ten times – leads me to conclude that nothing but an aggravated[-]range sentence can convey to you the seriousness of what you did. I was going to grant you some deference that you spared the victim from having to testify at trial, but had you gone to trial, you'd probably be going to jail for most of your natural life.

*Id.* at 10-11.

In this statement, we can discern that the trial court imposed an aggravated range sentence precisely because of the gravity of the offense as it relates to the victim, as well as the need to protect the public and what the trial court perceived as Casanova-Cruz's incapacity for rehabilitation, in that Casanova-Cruz attempted to blame the victim for his actions. The trial court considered the factors it was required to pursuant to § 9721(b), and it also expressly explained why it imposed a minimum sentence in the aggravated range of the sentencing guidelines. Accordingly, we agree with Counsel that these challenges are without merit.

Finally, our independent review of the record does not reveal any issue that would arguably support an appeal. Accordingly, we grant Counsel's petition and affirm Casanova-Cruz's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015