J-S59028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW CHRISTIAN MILISITS, | : | |
| | : | |
| Appellant | : | No. 352 WDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014,
Court of Common Pleas, Westmoreland County,
Criminal Division at No. CP-65-CR-0004743-2012

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 29, 2015**

Matthew Christian Milisits ("Milisits") appeals from the judgment of sentence entered following his conviction of third-degree murder, 18 Pa.C.S.A. § 2502(c).  Following our review, we affirm.

The trial court summarized the relevant facts underlying this appeal as follows:

> The Defendant, [Milisits], [] was charged by criminal information filed at 4743 C 2012 in the Court of Common Pleas of Westmoreland County, Pennsylvania with one (1) count of [c]riminal [h]omicide (18 Pa.C.S. §2501(a)), one count of [a]ggravated [a]ssault (18 Pa.C.S. §2702(a)(1)), one count of [s]imple [a]ssault (18 Pa.C.S. §2701(a)(1)), one count of [e]ndangering the [w]elfare of [c]hildren (18 Pa.C.S. § 4304(a)(1)), and one count of [r]ecklessly [e]ndangering [a]nother [p]erson (18 Pa.C.S. § 2705), wherein he was alleged to have caused the death of his minor child, Sophia Ludwiczak, who was eight weeks old at the time of her death. Milisits entered a general plea

---

*Former Justice specially assigned to the Superior Court.

of guilty to one (1) count of [m]urder of the [t]hird [d]egree (18 Pa.C.S. § 2502(c)) before this court on September 5, 2014. The remaining counts were dismissed by the Commonwealth in exchange for Milisits' plea of guilty.

On December 8, 2014, Milisits was sentenced by this court to the maximum sentence of [twenty] to [forty] years in state prison. Post-[s]entence motions were denied by Order of Court on January 20, 2015.

This timely appeal followed, in which Milisits presents only one issue for our review: "Whether the trial court erred by denying [Milisits'] post-sentence motion for reconsideration of sentence, for reasons that the sentence of twenty [] to forty [] years of incarceration at the department of corrections, which the trial court imposed upon [Milisits], was manifestly excessive and constituted too severe of a punishment?" Milisits' Brief at 6. This issue is a challenge to the discretionary aspects of Milisits' sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A.

> § 9781(b). *Commonwealth v. Evans*, 901 A.2d
> 528, 533 (Pa. Super. 2006).

*Id.* "A substantial question exists where the statement sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa. Super. 2003).

The record reveals that Milisits timely filed his appeal and that he preserved this issue by raising it in a post-sentence motion. He has included a concise statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief, in which he alleges that the trial court "failed to adequately take into account the nature and circumstances of the offense, the history and characteristics of [Milisits], and his rehabilitative needs as required by 42 Pa.C.S.A. [§] 9721(b)." Milisits' Brief at 10. This raises a substantial question so as to invoke our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (citing *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012)). As we consider this claim, we are mindful that when reviewing a challenge to the discretionary aspects of sentencing, this Court evaluates the trial court's decision under an abuse of discretion standard. *Id.* at 1274.

Despite claiming that his challenge was based on the trial court's failure to consider the factors set forth in 42 Pa.C.S.A. § 9721(b) in his Rule 2119(f) statement, Milisits shifts the focus of his claim in the argument

section of his brief. Milisits argues that his sentence, which is beyond the standard range of the sentencing guidelines, is "manifestly excessive" and "too severe of a punishment" in light of the fact that he had no prior record and that he accepted responsibility for his actions and expressed remorse for killing his daughter. Milisits' Brief at 14-15. He further points to testimony from multiple characters witnesses who testified at the sentencing hearing, as well as multiple letters and a petition signed by hundreds of members of Milisits' community, attesting to Milisits' good character. *Id.* at 15. The sum and substance of Milisits' argument is that his sentence is excessive in light of these extenuating factors. Yet, the record reveals that trial court considered all of these factors when sentencing Milisits. At the time of sentencing, it stated,

> First of all, I reviewed the letters that were submitted by the defense, the packet … . I heard time after time in the letters and also from the witnesses today what a great father he is or was to his six[-]year[-]old son Ashton who was six years old at the time. Well, Sophia deserved to have a loving father and if this man did not want to be a loving father[,] then Sophia had the love of her mother and I believe other relatives and friends that would have filled that spot. Every child doesn't have a father present in their life. Sophia could have grown up, deserved a chance to grow up, and now not only Sophia has lost her life[,] but Ashton doesn't have his father. Ashton is also suffering and he's an innocent person in this case.
>
> I had asked the mother whether she had filed for support or had a paternity test because I had seen that was an issue, Mr. Milisits, that you had

stated that you weren't sure that you were the father. I'm not judging you for that. … That's not entering my decision today, I was just curious about that.

Nevertheless, you asked the mother if you could have that child alone, you chose to keep the child alone that day, and as [the Commonwealth] brought up[,] you weren't a [seventeen][-]year[-]old child, you were thirty years old. Your attorney just argues that you were used to a six[-]year[-]old[,] not an infant. Well, your six[-]year[-]old was an infant and again, you're thirty, you're not [seventeen] or [eighteen].

You had contact with a child for six years and it sounded like you had contact with other children, other relatives, other children in the neighborhood, and you had no problem texting the baby's mother all morning, so if Sophia was unusually fussy or you couldn't stop her from crying I don't know why you didn't just call her mother or text her mother and say I can't get her to stop crying, I need help, I need help. That's all. What is that baby going to do to you? Nothing. She is two months old. She is in her little seat crying, and if you can't take that[,] I don't know what you can take, sir.

I have considered all of these things. I have considered the guidelines, and the maximum penalty in Pennsylvania is [twenty] to [forty] years for murder of the third degree. That is appropriate. The maximum penalty is appropriate in this case, therefore I sentence you … to [twenty] to [forty] years in state prison and that is the maximum … that I can impose.

N.T., 12/8/14, at 56-60. We further note that there was a pre-sentencing investigative report, which the trial court also considered. *Id.* at 4.

- 5 -

The law imposes the following requirements regarding the fashioning of sentences:

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations omitted). The record here clearly establishes that the trial court considered everything it was required to consider when it sentenced Milisits. Beyond bald allegations that his sentence was too severe in consideration of certain factors, Milisits presents no argument as to how the trial court erred in imposing his sentence. Accordingly, we find no merit to his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015

- 6 -