J-S80038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL EDWARD SALKO, JR. | |
| Appellant | No. 1967 MDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-0002004-2015, CP-40-CR-0002972-2013,
CP-40-CR-0003165-2013

BEFORE: LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 11, 2017**

Appellant, Michael Edward Salko, Jr., appeals from the October 8, 2015 judgment of sentence of twenty-four months of intermediate punishment and two years of probation. Appellant challenges the discretionary aspects of his sentence. Additionally, Appellant's counsel, Amanda M. Young, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

On August 24, 2014, at criminal information No. 3165-2013, Appellant pleaded guilty to loitering and prowling at nighttime.[1] On May 20, 2015, at

_____

[1] 18 Pa.C.S. § 5506.

criminal information No. 2972-2013, Appellant pleaded guilty to receiving stolen property.[2] On October 8, 2015, at criminal information No. 2004-2015, Appellant pleaded guilty to possession of a controlled substance, possession of drug paraphernalia, and driving while operating privilege was suspended or revoked.[3]

Appellant was sentenced on all three dockets on October 8, 2015. At criminal information No. 2972-2013, he was sentenced to twenty-four months of intermediate punishment. At criminal information No. 2004-2015, he was sentenced to one year of concurrent probation and one year of consecutive probation. At criminal information No. 3165-2013, Appellant was sentenced to one year of consecutive probation. Appellant's sentences were within the standard range of the sentencing guidelines. *See* Trial Court Opinion (TCO), 12/18/15, at 1.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. In the statement, appellate counsel indicated her intention to file an *Anders* brief. The court issued a responsive opinion.

On August 12, 2016, appellate counsel filed in this Court an *Anders* brief and application to withdraw as counsel. The brief sets forth the single issue Appellant seeks to raise on appeal, namely, that the imposition of a

---

[2] 18 Pa.C.S. § 3925.
[3] 35 P.S. § 780-113(a)(1), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S. § 1543(a).

twenty-four month IPP sentence followed by two years of probation and a $200 fine is harsh and excessive, where Appellant took responsibility by pleading guilty, obtained a job, and is re-involved in his children's lives. Appellant's Brief at 1.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

> *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super.
> 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago,* only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers,* 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Young's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to the portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She explains her reasoning and supports her rationale with citations to the record as well as pertinent legal authority. Attorney Young avers she has supplied Appellant with a copy of her *Anders* brief and a letter explaining the rights enumerated in *Nischan*.[4] Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

---

[4] Appellant has not filed a response to counsel's *Anders* brief.

Appellant's issue challenges the discretionary aspects of his sentence. Appellant argues that the sentence is excessive because he took responsibility by pleading guilty, admitted his drug and alcohol problem, and has become re-involved in his children's lives. Appellant's Brief at 4.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant has filed a timely notice of appeal. However, Appellant did not preserve his challenge to the discretionary aspects of his sentence at sentencing, or in a motion to reconsider. This alone would be fatal to his appeal. Additionally, Appellant has not raised a substantial question. *See Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003) ("[A]n allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question."); *see also Commonwealth v. Brown*, 741 A.2d 726, 735 ("[A] claim of excessiveness of sentence does

not raise a substantial question where the sentence is within the statutory limits.").

In short, we agree with Attorney Young that Appellant's issue is frivolous. We have independently reviewed the record, and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017