J-S22010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH SHAWN HALL, | |
| Appellant | No. 1443 MDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002990-2015

BEFORE:  SHOGAN, MOULTON, and PLATT,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 24, 2017**

Keith Shawn Hall ("Appellant") appeals from the judgment of sentence entered on July 21, 2016, in the Court of Common Pleas of Lancaster County.  We affirm.

According to the trial court:

[o]n April 25, 2016, on Docket 2990-2015, [Appellant] pled guilty to one count of Possession With Intent to Deliver Heroin, one count of Possession of Drug Paraphernalia, and one count of Possession of Marijuana.[1]  On July 21, 2016, [Appellant] was sentenced to an aggregate sentence of four and one half (4.5) to eleven (11) years incarceration.

On August 31, 2016, [Appellant] filed his Notice of Appeal to the Pennsylvania Superior Court.  [Appellant] was directed to

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(A)(30), (32), and (31), respectively.

file his 1925(b) statement and he has done so. The Commonwealth has filed its response.

[Appellant] raises three issues in his 1925(b) statement. First, [Appellant] asserts that the [c]ourt based its aggravated sentence on speculation. Next, [Appellant] argues that the [c]ourt improperly considered [Appellant's] prior record score. Finally, [Appellant] alleges that the [c]ourt improperly based its aggravated sentence on drug quantity.

Trial Court Opinion, 10/21/16, at unnumbered 1–2 (footnotes omitted).

On appeal, Appellant presents a single issue for our consideration:

I.      Was the trial court's sentence of four and one-half (4 ½) to eleven (11) years of incarceration manifestly excessive under the circumstances and an abuse of the court's discretion because the court did not state a sufficient rationale for an aggravated sentence?

Appellant's Brief at 5.

Specifically, Appellant challenges the trial court's reliance on his criminal history, the quantity and type of drugs (120 packets of heroin), and speculation about Appellant's employment. Appellant's Brief at 18. Appellant argues that "[n]one of these factors, either standing alone or cumulatively, would constitute a sufficient rationale for imposing an aggravated guideline range sentence." *Id.* According to Appellant:

[his] prior record score and the quantity/type of drug involved in the crime were factors already accounted for within the prior record and offense gravity scores, respectively. As previously

established,[5] double counting factors already considered within the sentencing guidelines may not be used to justify an aggravated range sentence. Further, using [Appellant's] "mysterious" employment history as a reason to justify an aggravated sentence was also improper because it was speculative and not an adequate legal reason on which to base an aggravated sentence.

_____

[5] *See Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. Ct. 2003); *Commonwealth v. Johnson*, 758 A.2d 1214, 1219 (Pa. Super. Ct. 2000); *Commonwealth v. Goggins*, 748 A.2d 721, 727–728 (Pa. Super. Ct. 2000); *Commonwealth v. McNabb*, 819 A.2d 54, 56–57 (Pa. Super. Ct. 2003).

_____

*Id.* at 22–23.

Appellant's claim facially implicates the discretionary aspects of the trial court's sentencing decision. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal

- 3 -

citations omitted)). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Id.*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Lewis*, 45 A.3d 405, 410–411 (Pa. Super. 2012) (quoting *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (some citations omitted)).

Appellant has filed a timely notice of appeal, and his brief does not contain a fatal defect. However, the trial court found—and our review confirms—that Appellant "made no objection to, or argument against, the Court's consideration of [Appellant's] employment situation and his lack of income" at the sentencing hearing or in his post-sentence motion. Trial Court Opinion, 10/21/16, at unnumbered 2; N.T., 7/21/16, 9–13; Post-sentence Motion, 7/29/16. Additionally, Appellant failed to raise a claim regarding drug quantity or type at the sentencing hearing or in his post-sentence motion. Trial Court Opinion, 10/21/16, at unnumbered 5; N.T., 7/21/16, 9–13; Post-sentence Motion, 7/29/16. Therefore, these objections

to the discretionary aspects of Appellant's sentence are waived. *Derry*, 150 A.3d at 991.

Appellant's remaining argument concerns the trial court's consideration of his criminal history, specifically, his prior record score. In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court erred in counting his prior record score twice as an aggravating factor. Appellant's Brief at 10. This claim raises a substantial question, allowing us to review the merits of his argument. *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000) (*en banc*).

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference and the

overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***.

Here, the trial court disposed of Appellant's argument as follows:

> Next, [Appellant] argues that the [c]ourt erroneously considered [Appellant's] prior record score in imposing the aggravated sentence. Specifically, [Appellant] alleges that the [c]ourt based its aggravated sentence on [Appellant] having a prior record score of 11 and not on [Appellant's] status as a Repeat Felony Offender. As stated above, a sentencing court is afforded great discretion and its sentence will not be disturbed without a manifest abuse of discretion. [*Commonwealth v.*] *Galletta*, 864 A.2d 532, 534 (Pa. Super. 2004). Here, the [c]ourt properly based its aggregate sentence on [Appellant's] status as a Repeat Felony Offender, and merely mentioned [Appellant's] prior record score of 11 as an illustration of [Appellant's] extensive criminal history and its impact on the community.
>
>> *It's true that your prior record score or what you have would be a max of five. But if I'm looking at this correctly, your number would actually be 11. So you're way over the max in terms of prior criminal behavior . . . It's across the board. There are sex offenses in there, robberies, various things and . . . what makes matters worse in this case is*

- 6 -

> *that the drug of choice involved here was heroin,*
> *which we're all becoming more and more aware is an*
> *epidemic.*

> N.T., 7/21/2016, p. 8. In addition, the [c]ourt was in possession of [Appellant's] pre-sentence investigation report at the sentencing hearing, which correctly identified [Appellant] as a Repeat Felony Offender. It is clear that the [c]ourt properly based its aggravated sentence on [Appellant's] status as a Repeat Felony Offender and not on the assertion that [Appellant's] prior record score would be an 11. Because the [c]ourt did not abuse its discretion in considering [Appellant's] criminal history, this claim is meritless.

Trial Court Opinion, 10/21/16, at unnumbered 4–5 (internal quotation marks omitted) (emphasis in original).

Upon review, we find no indication in the certified record that the trial court counted twice Appellant's prior record score in fashioning the sentence. N.T., 7/21/16, at 8. Therefore, we conclude that the sentencing court did not ignore or misapply the law, exercise its judgment for reasons of partiality, prejudice, bias, or ill will, or arrive at a manifestly unreasonable decision in imposing the aggravated range sentence upon Appellant. Appellant's contrary claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2017

- 7 -