COMMONWEALTH of Pennsylvania,
Appellee,

v.

Edward D. McNABB, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.
Filed Feb. 12, 2003.

Ines M. Massella, Public Defender, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Commonwealth, appellee.

Before: JOYCE, STEVENS and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Edward D. McNabb, Jr., appeals from the September 19, 2001, judgment of sentence of an aggregate thirty (30) to sixty (60) months imprisonment imposed after he pled no contest to recklessly endangering another person,[1] endangering welfare of children[2] and simple assault.[3] The charges arose after the appellant caused severe and permanent injuries consistent with Shaken Baby Syndrome to his five-week-old son. On appeal, the appellant argues his sentence was manifestly excessive and clearly unreasonable.

¶ 2 Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. Hess*, 745 A.2d 29, 30–31 (Pa.Super.2000), *quoting Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa.Super.1998).

¶ 3 There is, however, no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002), 42 Pa.C.S.A. § 9781, Appellate Review of Sentence (b). Rule 2119, Argument (f) of the Pennsylvania Rules of Appellate Procedure requires an appellant challenging the discretionary aspects of a sentence to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Bald allegations of excessiveness are insuf-

---

1. 18 Pa.C.S.A. § 2705.

2. *Id.,* § 4304(a).

3. *Id.,* § 2701(a)(1).

ficient. *Mouzon, supra.* Rather, the appellant must demonstrate in this statement that a substantial question exists concerning the sentence. A substantial question exists where the statement sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme. *Id.*

"The Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g. the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates the norm (e.g. the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range)."

*Commonwealth v. Goggins,* 748 A.2d 721 (Pa.Super.2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.,* at 727.

¶ 4 Contrary to prior decisions of this Court, the Pennsylvania Supreme Court in its December 19, 2002, *Mouzon* decision, held that a claim for excessiveness raised against a sentence within the statutory limits does *not* fail to raise a substantial question as a matter of law. In fact, the *Mouzon* Court interpreted section 9781 to require that an appellate court vacate a sentence and remand the case if it finds that a sentence within the sentencing guidelines is clearly unreasonable. Prior case law also supported that holding. *See Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999) (the Court declined review of a sentence within the statutory limits but did not find it was precluded as a matter of law). We apply the *Mouzon* rule to this case since a decision which does not articulate a new rule of law but is instead based upon statutory interpretation and is not without precedent, is treated as relating to the original statute. *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838, 844 (2002).

¶ 5 This Court will proceed to the merits of a challenge to the discretionary aspects of a sentence only after it determines that a substantial question exists. *Mouzon, supra.* Appellant included in his brief a statement in compliance with Rule 2119(f). In it he asserts that the "fundamental norm violated was that the sentence was manifestly excessive," and that section 9781 of the Sentencing Code was violated because the sentence was clearly unreasonable. Appellant's brief at 9. He also argues the trial court did not sufficiently state reasons for the sentence on the record and relied upon impermissible factors. Appellant's brief at 9–10.

¶ 6 First, appellant failed to point to a specific provision of the Sentencing Code that was violated since a sentence, when imposed, cannot possibly violate section 9781, Appellate Review of Sentence. Appellant does, however, raise a substantial question by alleging that the sentencing court did not sufficiently state its reasons for the sentence. *Commonwealth v. Brown,* 741 A.2d 726, 735 (Pa.Super.1999), *appeal denied,* 567 Pa. 755, 790 A.2d, 1013 (2001), *citing Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587, 590 (1992) (*en banc*), *appeal denied,* 535 Pa. 615, 629 A.2d 1377 (1993). He also raises a substantial question by alleging his sentence is excessive due to the trial court's reliance on

impermissible factors. *Commonwealth v. Kraft,* 737 A.2d 755 (Pa.Super.1999), *appeal denied,* 560 Pa. 742, 747 A.2d 366 (1999), *citing Commonwealth v. Roden,* 730 A.2d 995 (Pa.Super.1999). We therefore address the merits of his challenge.

¶ 7 Appellant complains the trial court impermissibly considered his prior record in sentencing him in the aggravated range. At sentencing, the court stated, "[The sentence] will be from the aggravated range of the sentencing guidelines because the defendant was both under state supervision and county supervision at the time he committed these offenses." N.T. Sentencing, 9/19/2001, at 13.

¶ 8 It is true that "factors already used in [Sentencing] Guideline computations, including *inter alia,* prior convictions, may not be used to justify an aggravated sentence." *Commonwealth v. Johnson,* 758 A.2d 1214, 1219 (Pa.Super.2000), *appeal denied,* 565 Pa. 666, 775 A.2d 803 (2001) (citations omitted). The trial court, however, did not base the sentence upon the prior convictions, but rather upon his being on state and county probation at the time of the offense. N.T. Sentencing, 9/19/2001, at 13, *see also* Record # 8, Guideline Sentence Form, Reasons for sentence. We find it permissible for a sentencing court to consider the defendant's probationary status at the time of the offense. *Commonwealth v. Ward,* 369 Pa.Super. 94, 534 A.2d 1095 (1987) (the trial court did not abuse its discretion in imposing a sentence in excess of the guidelines based upon two aggravating circumstances, one of which was that the appellant was on probation at the time of the

crime.) [4]; *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988), *appeal denied,* 525 Pa. 642, 581 A.2d 568 (1990) (vacated and remanded when the sentence was found to be too lenient considering aggravating circumstances such as the fact that appellant was on parole at the time he committed the offense.); *Harmon v. Commonwealth,* 119 Pa.Cmwlth. 1, 546 A.2d 726 (1988), *appeal denied,* 523 Pa. 643, 565 A.2d 1168 (1989), *citing Commonwealth v. Mills,* 496 A.2d 752 (Pa.Super.1985) (it is improper to consider prior convictions as an aggravating circumstance, but proper to consider the defendant's parole status at the time of the offense.) Accordingly, we reject this challenge.

¶ 9 The appellant next argues the trial court did not sufficiently state reasons or did not state legally sufficient reasons for the sentence. His challenge is twofold. He argues the court failed to state legally sufficient reasons because it impermissibly relied upon his prior record. We reject this argument as we have found the trial court permissibly relied upon the appellant's probationary status and not his prior record. He also argues the court did not properly consider mitigating factors. He is not entitled to appellate review of this issue since an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question. *Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc*).

¶ 10 Section 9721, Sentencing generally (b) of the Sentencing Code requires the sentencing court to state on the record the reason(s) for the sentence. 42 Pa. C.S.A. § 9721. We find the trial court's

4. The court vacated and remanded the sentence because it found a partially consecutive/partially concurrent sentence was invalid and ordered the trial court to impose an aggregate sentence of five to twenty-two and one-half years imprisonment. On appeal, the

Pennsylvania Supreme Court In *Commonwealth v. Ward,* 524 Pa. 48, 568 A.2d 1242 (1990), vacated and remanded the sentence because it found this Court usurped the trial court's function in dictating the sentence to be imposed.

explanation as replicated below more than adequately meets the requirements of this section:

THE COURT: All right. The court has considered the Pennsylvania Sentencing Code, the pre-sentence report, the Pennsylvania Guidelines on Sentencing. The court has also considered the statements of defense counsel, the two witnesses for the defendant, the defendant and the attorney for the Commonwealth. The court has considered this defendant's age, his background, his character and rehabilitative needs, the nature, circumstances and seriousness of the offense and the protection of the community.

The court would note, first of all, that it appears from Mr. McNabb's background, although he has a number of criminal offenses and for guideline purposes is a repeat felony offender, he has no prior violent history of any violence, particularly violence involving children and both witnesses, including the child's mother, have attested to the fact that the defendant up until this point has been a caring and considerate caretaker to their children. That does not, however, in any way minimize the harm that the defendant's conduct caused. That harm is severe, it is significant and unfortunately it is permanent and that child will now never be the same nor be able to enjoy the life that the child had upon birth. The opportunity to undertake and the consequences of the defendant's actions are the sole and direct reason for that. I believe the defendant truly is remorseful. I believe the defendant has come forward and taken responsibility for this offense and I believe that the defendant has an opportunity to lead a fruitful life and be a good father to his children. However, there is no question that both under the law and the morals that this community applies in protecting its children that the defendant must be accountable for his actions, must undergo the consequences of his actions and must pay his debt, not only to society, but to the victim in this case for the irrevocable harm that he has inflicted upon him.

The court taking all of those things into consideration will order the following sentences. First of all, the court finds that the reckless endangering charge, a misdemeanor 2, at Count Number 1 merges with the endangering the welfare of a child charge, a misdemeanor of the first degree, Count Number 2. Therefore, no sentence will be imposed. The court on Count Number 2 and Count Number 3 on each count will order the following sentences. It will be from the aggravated range of the sentencing guidelines because the defendant was both under state supervision and county supervision at the time he committed these offenses. However, because of the defendant's remorse, because of the defendant's acceptance of responsibility the court will order that the sentences be concurrent one with the other.

N.T. Sentencing, 9/19/2001, at 11–13.

¶ 11 Although the appellant raised substantial questions for our review in his 2119(f) statement, we reject his challenges on their merits. The trial court did not abuse its discretion.

¶ 12 Judgment of sentence affirmed.