J-S65023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANFORD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 284 EDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001556-2016

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 11, 2018**

Sanford Williams appeals from the judgment of sentence imposed on November 29, 2016, in the Court of Common Pleas of Monroe County, after he pled guilty to a single count of conspiracy to commit burglary.[1,2]  Williams received a sentence of two to four years' incarceration.  In this timely appeal, Williams challenges the discretionary aspect of his sentence, arguing the trial court placed too great an emphasis on his criminal history, not enough emphasis on his age and other mitigating factors, and based his sentence upon erroneous information.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the trial court opinion.

---

[1] 18 Pa.C.S. §§ 903/3502(a)(4).

[2] This was an open plea; no sentence was agreed to as part of the plea agreement.

The facts of the crime, as related at the guilty plea are as follows:

On that date [July 4, 2016] in Tannersville [Williams] agreed with another individual that they would break into the cigar and tobacco shop on 611. He didn't actually enter into the building, but they broke into the building and took the cash drawer from the facility.

N.T. Guilty Plea, 9/28/2016, at 9.

For context purposes only, we also relate the underlying information regarding the crimes as contained in the affidavit of probable cause filed by Detective James Wagner, of the Pocono Township Police Department, on July 4, 2016.

On July 4th, 2016 at 0342 hours, Pocono Township Police Officer Austin Anglemyer discovered a suspicious vehicle parked on the side of Billy's Pocono Diner near the front door entrance area. He knew the business was closed at that time so he decided to investigate. The car was a burgundy 4 door Lexus with New Jersey Tags. There was nobody inside the car and both front windows were open. Officer Anglemyer heard a suspicious noise coming from the front of the business which is a concealed area of thick landscaping. As Officer Anglemyer approached for a closer look, a black male suspect wearing dark clothing and a hoodie leaped from the bushes and fled on foot. Officer Anglemyer briefly pursued but doubled back toward the car when the suspect ran behind the diner. Officer Anglemyer confronted the suspect on the other side before he could get to the car. This caused the suspect to run across the stream behind the diner and get away for a few hours.

Officer Anglemyer and other Officers including the Pennsylvania State Police (PSP) continued to search the area for the suspect. A short time later, just south of the diner, Officer Anglemyer located what he believed was another black male because he appeared larger, older and slower than the original male suspect. This male fled when Officer Anglemyer approached and he fell completely in the stream but eluded the police on the other side.

Officer Aaron Anglemyer arrived to assist and while searching the landscape area of Billy's Pocono Diner he found an empty duffle bag, a black knit hat, a black baseball hat and black stocking material which is typically used by thieves as a mask to cover their face. This evidence supports the fact that the suspect(s) were about to break into the closed business.

The car was identified as a 1997 burgundy colored 4 door Lexus ES 300 bearing New Jersey registration: A81-FAV to a James Williams from Orange New Jersey. Rubber gloves are observed in plain view in the car.

On July 4th, 2016 at about 0550 hours the two suspects were located by PSP Troopers on the I-80 interstate at mile marker 299.9 trying to hitchhike to New Jersey. One male was completely soaked with water and the other was only wet from the knees down.

…

While conducting the interviews [with the suspects], Pocono Township Police learned that two other commercial burglaries occurred in Tannersville overnight. Forced entry and theft (smash and grab style) at NiBors Coffee Café and the Cigar and Tobacco Outlet. NiBors has no video surveillance so the time of the crime in unknown however the Cigar and Tobacco Outlet has good quality video and captured the crime in progress starting at about 0230 hours. This business is located just south of Billy's Pocono Diner which is where the defendants were caught. The video captured both Defendants who were wearing the same clothing they were captured in. At 02:29:30 both Defendants are observed casing the business and hiding at times when traffic passes by. They disappear off camera for a while but return wearing gloves. Defendant Andre L. Paden is carrying a rock while Defendant Sanford Williams Jr. follows him to a side window where Paden can be seen smashing out the window with the rock. Williams Jr. helps boost Paden through the broken window. Cameras inside capture Paden removing cash from one register drawer and him physically ripping out another register drawer and he handed it to Williams Jr. outside. They both flee the scene on foot but they are ultimately captured casing the next business up the street.

Affidavit of Probable Cause, 7/4/2016, at 1-2.

As noted above, Williams pled guilty to a single count of conspiracy to commit burglary. At the sentencing hearing, held November 29, 2016, the trial judge commented: "But that's what you do, and that's what you've done your whole life is commit burglaries. Now you're requesting leniency." N.T Sentencing, 11/29/2016 at 18. In addition to Williams' claims that the trial court failed to,

> give sufficient weight to the rehabilitative needs of [Williams] and his minimal threat to the community given his age (75), physical and mental condition, years spent living as a law abiding citizen, and his minimal involvement in the crimes charged, despite having a repeat felon prior record score.[3]

Williams also claims the trial court improperly based his sentence on an incorrect "fact", namely that Williams had committed burglaries his whole life. *See* 2119(f) Statement, at 7.

> Our standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

---

[3] Appellant's Brief, Question Presented, at 5.

- 4 -

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted).

Further,

A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010) (citation omitted).

We note, without further comment, that the first three prongs of the analysis have been met. Regarding whether Williams has raised a substantial question, he has claimed the trial court failed to consider his rehabilitative needs and also relied upon impermissible factors, specifically the "false" statement that Williams has committed crimes all his life. These claims both raise a substantial factor,[4] therefore, we will address Williams' claims.

_____

[4] *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs of the defendant raises a substantial

As stated above, the trial court has thoroughly addressed Williams' assertions and we rely upon its opinion in affirming the judgment of sentence. We write briefly to address Williams' claim that the trial court incorrectly stated Williams' lifetime affinity for burglary.

We agree with Williams that, technically, he has not committed crimes for his entire life. However, the trial court's alleged comment must be viewed in context to be understood. Immediately prior to the complained of statement, the trial court aptly noted:

> [Williams] really has an extraordinary record. He's a repeat felony offender under the sentencing guidelines. The presentence report reflects 34 arrests, 22 convictions. He's been granted probation on at least two occasions. He's been granted parole on at least 16 occasions. He is 75 years old. And I can say, we certainly don't see many defendants your age, Mr. Williams, most certainly as you described it, they're retired from this type of activity.
>
> But your record dates all the way back to 1963, which interestingly it involved a burglary down in Middlesex County, New Jersey. And the record is just replete with theft-related offenses. Burglaries, larcenies, all over the counties in New Jersey, Pelham Village, New York. Back in either the '60s or '70s, the '80s. Monmouth County, New Jersey, Essex County, New Jersey, Hudson County, New Jersey, Somerset County, New Jersey, Middlesex County, New Jersey, all throughout New Jersey and New York. It's just – when you are not incarcerated, you're committing crimes.

N.T. Sentencing, 11/29/2106, at 17.

The trial court's description provided a virtual dictionary definition of a career criminal. In context, this is clearly what the trial court was referring to

---

question); ***Commonwealth v. McNabb***, 819 A.2d 54, 56-57 (Pa. Super. 2003) (Reliance on impermissible factors raises a substantial question).

in commenting on Williams' life of crime. If the trial court ventured into exaggeration by stating Williams committed crimes his entire life, such exaggeration, in light of the facts of record, is understandable and gives no cause for relief.

Judgment of sentence affirmed. Parties are directed to attach a copy of the trial court opinion in the event of further action.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/18

FILED IN
SUPERIOR COURT

JUL 1 4 2017

EASTERN DISTRICT

**COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA     :   1556 CR 2016

                                       :

                    vs.                         :

SANFORD WILLIAMS,                 :   Notice of Appeal

                                         :

         Defendant                    :

## STATEMENT PURSUANT TO Pa.R.A.P. 1925(a)

The matter concerns Defendant Sanford Williams' appeal to the Pennsylvania Superior Court of various issues related to this Court's sentencing of Defendant on November 29, 2016 and our denial of Defendant's Motion to Reconsider Sentence on December 12, 2016.

By way of background, on September 28, 2016, Defendant was convicted of Conspiracy to Commit Burglary[1], a felony of the second degree, following a guilty plea to the charge. On November 29, 2016, Defendant was sentenced to twenty-four (24) months to forty-eight months (48) months in a State Correctional Institution with a time credit from July 4, 2016, to pay restitution of $800.00 to Rashan Panthi, and pay the costs of the proceedings. On December 9, 2016, Defendant filed a Motion to Reconsider Sentence which we denied on December 12, 2016. On January 11, 2017, Defendant filed a Notice of Appeal to the Pennsylvania Superior Court. We issued an order pursuant to Pa.R.A.P. 1925(b) requesting a Concise Statement of Errors Complained of on Appeal.

---

[1] 18 Pa.C.S.A. §§ 903; 3502(a)(4).

and Defendant filed his concise statement within the twenty-one (21) day period. We will now address the issues that Defendant has included in his Concise Statement of Errors Complained of on Appeal.

Defendant argues that the court abused its discretion at the time of sentencing in that the court did not give sufficient weight to the rehabilitative needs of the defendant and minimal threat to the community given Mr. Williams' age (75), physical and mental condition, years spent living as a law abiding citizen despite a repeat felon prior record score, and his minimal involvement in the crimes alleged. Furthermore, while acknowledging that the sentence imposed was within the standard range, Defendant asserts that we should have imposed a lesser minimum sentence followed by a lengthy period of supervision not to exceed 3 years. We find no merit in Defendant's arguments as they lack any support in the record. In fact, Defendant's lengthy criminal history and his own statements made in a presentence interview with the Monroe County Probation Department and compiled in a Presentence Sentence Investigation (PSI) Report contradict his arguments.

First, Defendant claims that we did not give sufficient weight to his rehabilitative needs given his advanced age (75) and physical and mental condition. We disagree. In his PSI interview with our probation department, Defendant specifically denied having a problem with substance abuse or any problems associated with his physical or mental health. During his sentencing hearing, Defendant did allude to

2

suffering from hypertension and arthritis without providing any evidence of such, and seemingly in a plea for leniency prior to being sentenced. [Sentencing Hearing transcript, November 29, 2016, 9:00 a.m. at p. 13-14 (hereinafter referred to as "N.T.")]. Despite the contradiction in Defendant's statement in his PSI interview and at sentencing, and lack of evidence of Defendant having any physical or mental problems, we considered Defendant's age and his effort to cooperate with the Commonwealth through a proffer on another investigation. [N.T. p. 18-19]. Our sentencing guidelines for Conspiracy to Commit Burglary, charged as a felony of the second degree, with a prior record score of RFEL[2], provides for a standard range sentence of 24 to 36 months. The PSI recommended a high-end standard range sentence of 36 to 72 months in a State Correctional Institution. However, giving consideration to the Defendant's age, condition and cooperation with the Commonwealth, we sentenced him at the low-end of the standard range and imposed a 24 to 48 month sentence. For these reasons, we find that we gave sufficient weight to Defendant's age and rehabilitative needs.

Second, Defendant asserts that he has spent years living as a law-abiding citizen and is a minimal threat to society given his age, physical and mental condition. Again, we disagree with this assertion by Defendant as his criminal record clearly indicates 35 criminal arrests and 22 adult convictions, including 5 arrests and 3 convictions since the age of 70. His most recent arrest and conviction in the instant case occurred after turning 75 years old. Furthermore, his classification as a "RFEL" is the

---

[2] According to the Pennsylvania Basic Sentencing Matrix, a "RFEL" is defined as a Repeat Felony 1 and Felony 2 Offender. Defendant in this case has 35 adult arrests and 22 convictions in his criminal history

3

clear definition of someone who has repeated difficulties in following the law. To argue that he has been a law abiding citizen and is a minimal threat to society because of his age and physical condition is just not a plausible argument to make given Defendant's lengthy and recent criminal history.

Third, Defendant also asserts that we failed to consider his "minimal involvement in the crimes alleged" when we imposed sentence. Defendant plead guilty to the charge of Conspiracy to Commit Burglary, which is defined in Section 903 of the Crimes Code as an agreement one makes with another person "that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or agrees to aid such person or persons in the planning or commission of such crime . . ." 18 Pa.C.S.A. §903(a). The factual basis to support the conviction, stated by Defendant and his counsel at the time of sentencing, was that he waited outside while his co-defendant went inside the building to see if there was any cash in the cash register, and then assisted his co-defendant after he got out of the building. Defendant's actions were the nature of the conspiracy. He did not plead to burglary, which would have required actually entering the building, but to the exact level of his involvement which was conspiracy. For this crime, we imposed a sentence in the low-end of the standard range sentence for Conspiracy to Commit Burglary. To argue that Defendant had minimal involvement in the crime contradicts his own plea.

Having adopted the Presentence Investigation Report in its entirely, including the recommendation contained therein, and for the reasons stated on the record at the time of sentencing, we believe that we have adequately, properly, and fully addressed the issues raised by Defendant on appeal. Therefore, with respect to the issues

4

raised in Defendant's Motion to Reconsider Sentence, we stand by our decision and respectfully request the Superior Court to affirm our judgment of sentence dated November 29, 2016.

**BY THE COURT:**

2.22.2017
**DATE**

**STEPHEN M. HIGGINS, J.**

cc:  James P. Gregor, Esq. (PD)
Catherine Pirolli, Esq. (ADA)
Sanford Williams, Jr., *Pro Se*, SCI Graterford, Inmate #MV0942
Clerk of Courts

5