J-S84033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTINA LEACH | : | |
| | : | |
| Appellant | : | No. 862 MDA 2017 |

Appeal from the Judgment of Sentence March 28, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0002360-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 26, 2018**

Christina Leach appeals from the judgment of sentence imposed March 28, 2017, in the Cumberland County Court of Common Pleas.  The trial court sentenced Leach to the statutory maximum term of three and one-half to seven years' imprisonment following her jury conviction of one count of theft by unlawful taking.[1]  On appeal, Leach challenges the discretionary aspects of her sentence.  For the reasons below, we affirm.

The facts underlying Leach's arrest and conviction are summarized by the trial court as follows:

> On May 23, 2015, Officer Christopher Butler responded to a report of a burn victim at the Turkey Hill at 7040 Wertzville Road in Cumberland County, Pennsylvania.  The victim was conscious at the time Officer Butler arrived and when asked what had happened, the victim, Anthony Sferlazza, stated that a female

---

[1] **See** 18 Pa.C.S. § 3921(a).

friend had set him on fire. According to Mr. Sferlazza, the female friend, identified as "Christina," had offered to give him a massage. She tied him face down to the bed and poured a liquid on him, stating that he would feel cold but then really hot. She then allegedly lit him on fire. Mr. Sferlazza managed to free himself from the bed but was unable to open the door because Christina was holding the door shut. Mr. Sferlazza then jumped out of the second story window of the bedroom and drove a spare vehicle to the Turkey Hill.[2] He gave the officer a cell phone he stated belonged to Christina, and indicated that Christina had stolen his white Chevrolet Express 1500 van. The officer eventually confirmed that "Christina" was Christina Leach, and a warrant was issued for her arrest.

[Leach] was subsequently arrested the same day around 9:30 p.m. in Harrisburg City driving the victim's van. Evidence found inside the van, as well as bank surveillance video, indicated that she had eaten dinner at a McDonald's and had attempted to use the victim's ATM card to withdraw money from his account.

The victim suffered extensive burns over one third of his body, most of which consisted of third degree burns, the most serious of all burns. He spent over forty days in a medically induced coma and still undergoes treatment for his injuries.

Trial Court Opinion, 7/5/2017, at 1-2.

Leach was charged with attempted murder, aggravated assault, arson, and theft by unlawful taking.[3] The case proceeded to a jury trial. On January 27, 2017, the jury found Leach guilty of theft by unlawful taking, and not guilty of attempted murder, aggravated assault, and arson. On March 28,

---

[2] The notes of testimony from Leach's jury trial are not included in the certified record on appeal. However, we note that Leach explains in her brief that after the victim jumped out the window, he went back inside the house to retrieve his dog and extinguish the fire before fleeing to the convenience store. **See** Leach's Brief at 7-8.

[3] **See** 18 Pa.C.S. §§ 901/2502, 2702(a)(1), 3301, and 3921, respectively.

2017, the trial court sentenced Leach to the statutory maximum term for theft, three and one-half to seven years' imprisonment. Leach filed a timely motion seeking reconsideration of her sentence, asserting the trial court's sentence reflected its "displeasure and disbelief regarding the not guilty verdicts" and focused primarily on "sympathy for the complainant." Motion to Reconsider Sentence, 4/7/2017, at ¶ 5. The court denied the motion by order entered April 25, 2017. This timely appeal followed.[4]

Leach's sole issue on appeal is a challenge to the discretionary aspects of her sentence. Specifically, she argues the court imposed an excessive sentence, "motivated by emotion resulting in partiality and bias[,]" which was focused on the charges for which she was found not guilty. Leach's Brief at 11. Leach contends the trial court "completely disregarded the evidence that Ms. Leach feared for her own life, that she had no vehicle of her own to leave the property[,] and that Mr. Sferlazza possessed her cell phone." *Id.* at 16. Rather, she maintains the court imposed the statutory maximum sentence as "an emotional response to Mr. Sferlazza's medical evidence, his emotionally-charged testimony, and a reaction with complete disregard for the jury's verdict[.]" *Id.* at 16-17.

---

[4] On June 2, 2017, the trial court ordered Leach to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Leach complied with the court's directive, and filed a concise statement on June 22, 2017.

- 3 -

When considering a challenge to the discretionary aspects of sentencing, we must bear in mind:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015).  Furthermore, it is well-settled that:

> [a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.  Prior to reaching the merits of a discretionary sentencing issue:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Grays*, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted), *appeal denied*, ____ A.3d ____, 2018 WL 319345 [579 MAL 2017] (Pa. 2018).

In the present case, Leach complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence and subsequent notice of appeal, and by including in her appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P.

2119(f). Therefore, we must determine whether she has raised a substantial question justifying our review.[5]

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). A claim that the trial court relied upon an impermissible factor in imposing an excessive sentence raises a substantial question for our review. *See Commonwealth v. McNabb*, 819 A.2d 54, 56-57 (Pa. Super. 2003).

Here, the trial court imposed a sentence outside of the sentencing guidelines range. Accordingly, our review is guided by the following:

> [I]n exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. The sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record.

---

[5] We decline to find Leach waived this claim as suggested by the Commonwealth. *See* Commonwealth's Brief at 7-8. Rather, we find her Rule 2119(f) statement and the argument section of her brief sufficiently sets forth her argument on appeal. *See* Leach's Brief at 11-17.

> ***Commonwealth v. Cunningham***, 805 A.2d 566, 575
> (Pa.Super.2002) (citation omitted). The legislature has provided
> that an appellate court shall vacate a sentence and remand to the
> sentencing court if "the sentencing court sentenced outside the
> sentencing guidelines and the sentence is unreasonable." 42
> Pa.C.S. § 9781(c)(3). That section also mandates that "in all
> other cases the appellate court shall affirm the sentence imposed
> by the sentencing court." 42 Pa.C.S. § 9781(c). The factors that
> should be weighed when we review a sentence include:
>
> > (1) The nature and circumstances of the offense and the
> > history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the
> > defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

***Commonwealth v. P.L.S.***, 894 A.2d 120, 129–130 (Pa. Super. 2006), *appeal*

*denied sub nom*, ***Commonwealth v. Schaffer***, 906 A.2d 542 (Pa. 2006).

Furthermore, we note "[i]t is beyond peradventure that when a defendant has

been exonerated in the legal system, either by a jury or on constitutional

grounds, with respect to a criminal act, that act cannot be used to enhance a

sentence." ***Id.*** at 130. Nevertheless, a trial court may consider the specific

facts surrounding the conviction that were developed at trial. ***See***

***Commonwealth v. Druce***, 796 A.2d 321, 336 (Pa. Super. 2002), *aff'd*, 848

A.2d 104 (Pa. 2004).

Here, the trial court provided the following reasons during the sentencing hearing for imposing a sentence outside of the guidelines range:[6]

> Okay. I want counsel and Ms. Leach to know that I have considered this sentence for the past two months since the trial. I have thought about it regularly and feel that I've reached the correct decision, and this is not – the sentence is not a punishment for what Ms. Leach wasn't convicted of but for the crime for which she was convicted.
>
> Even accepting the jury's verdict and giving her all reasonable inferences therefrom, the evidence is clear to me that she stole [the victim's] vehicle and left him to die.
>
> \* \* \* \*
>
> The court recognizes that this sentence is an upward departure from the sentencing guidelines but feels that it is the only lawful sentence that can attempt to ensure protection of both the victim in this case as well as the public at large.
>
> [Leach] was convicted of this theft offense after she stole the victim's car while he was on fire and burning alive in his home. In addition to stealing his car, she stole his cell phone and his wallet with no knowledge that he would otherwise be able to get help for his ongoing injuries.
>
> In addition the victim actually suffered horrific injuries burning over a third of his body and being forced into a medically-induced coma for over forty days. He still requires treatment today almost two years after the incident.
>
> It is only because the victim had the presence of mind and overwhelming urge to live that he was able to drive himself in his

---

[6] We note the trial court recognized the sentence imposed was an "upward deviation from the sentencing guidelines," which called for a standard range sentence of 12 to 18 months' imprisonment, and an aggravated range of 21 months' incarceration. N.T., 3/28/2017, at 17. **See also** Sentencing Guideline Form (indicating both Leach's prior record score and the offense gravity score were 5).

spare vehicle to a nearby gas station and ask for help before passing out from pain and injury.

Meanwhile [Leach] had stolen his car and phone, stopped for food, and attempted to use his ATM card without calling for help for Mr. Sferlazza whom she left on fire in his burning home. Even when arrested, [Leach] never inquired into Mr. Sferlazza's well–being.

This Court has rarely seen such a strong case of callous indifference to the value of human life and is confident that the only appropriate sentence in this case is the maximum sentence allowed by law. Any lesser sentence would depreciate the consequences of [Leach's] actions.

N.T., 3/28/2017, at 16-18.

In its opinion, the trial court further expounded that it found the circumstances of Leach's crime to be "significantly more horrific and the consequences significantly more devastating than the 'typical' felony theft." Trial Court Opinion, 7/5/2017, at 4-5. The court explained:

Although the jury found that the evidence did not support the Commonwealth's position that [Leach] started the fire or attempted to kill the victim, their verdict did reflect that she stole his vehicle. The fact that he was on fire when she did so, and that he suffered tragic, painful, and disfiguring burns as a result, was undisputed at trial.

*Id.* at 5. Moreover, the trial court disputed Leach's characterization of its sentence as "an emotional response" simply because it had contemplated the sentence since the trial had ended. *Id.*[7] Indeed, the court noted its "lengthy deliberation" period was necessary to "ensure that any sentence was not an emotional reaction, but rather a thought-out and well-reasoned decision." *Id.*

---

[7] *See* Leach's Brief at 15-16.

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we find no reason to disturb the sentence imposed by the trial court. Although the court did sentence Leach to the maximum penalty permitted by law, we do not find the sentence to be unreasonable under the circumstances. *See* 42 Pa.C.S. § 9781(c)(3). The court provided ample reasons for the sentence imposed, which were based on the facts surrounding the theft, and not on the charges for which Leach was acquitted. Further, the court explained how Leach's crime was significantly different from a typical theft case, thereby justifying a deviation from the guidelines. Bearing in mind our standard of review, we find no abuse of discretion on the part of the trial court. *See Gonzalez*, *supra*. Accordingly, Leach is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2018

- 9 -