J-S75042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DERRICK POWELL, :
:
Appellant : No. 546 EDA 2018

Appeal from the Judgment of Sentence January 26, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005015-2017,
CP-51-CR-0005016-2017

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 12, 2019**

Derrick Powell ("Powell") appeals from the judgment of sentence imposed following his open guilty plea to aggravated assault, robbery, and firearms not to be carried without a license at CP-51-CR-0005015-2017 ("5015-2017") and CP-51-CR-0005016-2017 ("5016-2017").[1] We affirm.

The trial court set forth the relevant underlying factual and procedural history as follows:

> [O]n December 10, 2016, [Powell] entered the Double Deli[,] located at 4944 Rosehill Street in Philadelphia, pulled out a gun[,] and pointed it at Seung Kim, the proprietor of the store. [Powell] then went behind the store's counter and shot Mr. Kim in the leg. [Powell] attempted to open the cash register[,] but was unable to do so. He then took money and lottery tickets before fleeing the store. Mr. Kim was transported to a nearby hospital[,] where he remained for several days while being treated for gunshot injuries to his leg and hip.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(ii), 6106(a)(1).

The following day, [Powell] entered the San Rafael Mini [M]arket[,] situated at 5000 Gransback Street[,] and announced a robbery while brandishing a firearm. He ordered the four employees to lie down on the floor. One of the employees, Arsenio Rodriguez [("Rodriguez")], refused to do so[,] and [Powell] shot him in the leg. The owner of the store then put money on the counter[,] which [Powell] took before fleeing. [] Rodriguez was treated at a nearby hospital over the course of several days for gunshot injuries incurred during the incident.

An examination of fired cartridge cases recovered at both scenes indicated that they had been fired from the same handgun.

On November 16, 2017, [Powell] appeared before [the trial court] and entered an open guilty plea to [the above crimes]. [The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI").] On January 26, 2018, [the trial court] imposed concurrent sentences of seven and one-half to fifteen years' incarceration on the [r]obbery and [a]ggravated [a]ssault charges[,] followed by an aggregate term of five years' probation. Concurrent sentences of seven years' probation were imposed on the weapons charges, which were ordered to be served consecutive to the sentences of incarceration imposed on the [r]obbery and [a]ggravated [a]ssault charges.

Following the imposition of sentence, [Powell] filed a timely [M]otion to vacate the sentence, which [the trial court] denied on January 29, 2018. [Powell] thereafter filed a timely [N]otice of [A]ppeal and a court ordered Pa.R.A.P. 1925(b) [Concise S]tatement.

Trial Court Opinion, 6/20/18, at 1-2 (paragraphs reordered; citations to record omitted).

On appeal, Powell raises the following claim for our review:

Did [] the [trial] court abuse its discretion by imposing a manifestly excessive and unreasonable sentence of 7½ to 15 years upon a youthful defendant with a prior record score of 0 and substantial mitigation, where the court double-counted factors already accounted for by the offense gravity score and did not adequately state its reasons for departing from the Sentencing Guidelines?

Brief for Appellant at 3.

Powell challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Powell filed a timely Notice of Appeal, raised his sentencing claim in a post-sentence [M]otion, and included a Rule 2119(f) Statement in his brief. Further, Powell's claim that the sentencing court departed from the sentencing guidelines, without stating on the record the reasons therefor, raises a substantial question. *See Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa. Super. 2003) (stating that the appellant "raise[d] a substantial

question by alleging that the sentencing court did not sufficiently state its reasons for the sentence.").[2]  Thus, we will review Powell's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.  An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will.  It is more than just an error in judgment.

***Commonwealth v. Downing***, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference.  In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.

***Commonwealth v. McClendon***, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant.  In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.  It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the

---

[2] Powell's claim that the sentencing court imposed a sentence that is contrary to the fundamental norms that underlie the sentencing process also raises a substantial question.  ***See McNabb***, 819 A.2d at 56 (stating that "a substantial question exists where the statement sets forth a plausible argument that the sentence … is contrary to the fundamental norms underlying the sentencing scheme.").

- 4 -

sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Id.* at 712 (quotation marks and citations omitted); *see also* 42 Pa.C.S.A. § 9721(b). Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Downing*, 990 A.2d at 794 (quotation marks and citations omitted).

Here, the record reflects that the trial court considered the sentencing guidelines, the severity of Powell's crimes, and Powell's age, family background, and rehabilitative needs. *See* N.T., 1/26/18, at 5, 26-27; Trial Court Opinion, 6/20/17, at 6-7. Thus, the trial court properly considered all the statutory factors before sentencing Powell. *See McClendon*, *supra*.

Moreover, because the trial court had the benefit of a PSI, it is presumed that the court was aware of relevant information regarding Powell's character, and weighed those considerations along with any mitigating factors. *See Downing*, *supra*. Accordingly, Powell's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/19