**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAKAR HAMPTON | : | |
| | : | |
| Appellant | : | No. 988 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 25, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010328-2017

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUIM BY: McCAFFERY, J.                **FILED MARCH 20, 2020**

Dakar Hampton (Appellant) appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction of robbery.[1]  Appellant contends the evidence was insufficient to support the verdict and the court abused its discretion by imposing a manifestly excessive sentence.  We affirm.

The trial court summarized the evidence presented at trial:

On August 12, 2017, David Brody [(Victim)] was working as a doorman and bellman at the Fairmont Pittsburgh [H]otel in the Market Square section of the City of Pittsburgh.  During the evening on that day, [Victim] was moving BMW bicycles from the outside of the hotel to the inside of the hotel.  The BMW bicycles were maintained at the Fairmont [H]otel for guests' usage to permit them to enjoy bicycle rides around the City of Pittsburgh.

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii) (person is guilty of robbery if, in course of committing theft, he threatens another with or intentionally puts him in fear of immediate serious bodily injury.)

According to [Victim], the BMW bicycles were high-end bicycles and were very valuable. As [Victim] was bringing the bicycles in for the night, [Appellant], wearing a dark hoodie and ski goggles, approached [Victim] and put his hand on one of the bicycles. [Victim] addressed [Appellant] by saying, "No, you can't take that." [Victim] pulled the bicycle away from [Appellant]. As [Victim] pulled the bicycle away, [Appellant] lifted his hoodie and displayed what appeared to be a firearm to [Victim. Victim] was able to observe the firearm from the handle to the trigger. The barrel of the firearm was down inside the waistband of [Appellant's] pants. According to [Victim], the firearm appeared to be a real firearm. As [Victim] carried the bicycle into the hotel, [Appellant] walked away and pointed toward [Victim], making a hand gesture replicating the firing of a gun.

After moving the bicycles into the hotel, [Victim] telephoned the police. Within ten to fifteen minutes, police officers responded to the general area where the incident occurred. Not far from the hotel, the police officers encountered [Appellant]. He was wearing a blue hoodie and had black ski goggles with red lenses on his head. He was wearing a black bandana around his neck. The police officers exited their police vehicle. Due to the fact that the initial report to them was that the actor involved in the incident at the Fairmont [H]otel may have been armed, one officer had his weapon drawn and one officer was holding his taser. The officers ordered [Appellant] to lay on the ground and [Appellant] complied. He was then placed in custody. A paintball gun was located in [Appellant's] pants. At trial, [Victim] identified the ski goggles as the goggles worn by [Appellant] and the paintball gun as the gun he observed on [Appellant] during the incident at the Fairmont [H]otel.

Trial Ct. Op., 10/28/19, at 1-2.

The Commonwealth charged Appellant with, *inter alia*, robbery.[2] On January 18, 2018, this case proceeded to a bench trial. Appellant did not testify and presented no evidence. The court convicted Appellant of robbery.

On April 25, 2018, after reviewing a presentence investigation report (PSI), the court sentenced Appellant to 5 to 10 years' imprisonment, and a consecutive three years' probation. On May 4, 2018, Appellant filed a post-sentence motion, which was denied on June 26, 2018.

Appellant filed a notice of appeal on July, 13, 2018. However, on February 14, 2019, this Court dismissed the appeal because appellate counsel failed to file a brief on Appellant's behalf. ***Commonwealth v. Hampton***, 1023 WDA 2018 (order) (Pa. Super. 2/14/19). On April 9, 2019, Appellant filed a timely, *pro se* Post Conviction Relief Act[3] petition (PCRA). The court appointed present counsel to represent Appellant. On May 17, 2019, Appellant filed an amended PCRA petition requesting reinstatement of his post-sentencing and appellate rights. The court granted this petition. On May 31, 2019, Appellant filed a post-sentence motion *nunc pro tunc* challenging the sufficiency of evidence and the discretionary aspects of sentencing, which

---

[2] The Commonwealth had also charged Appellant with possession of an instrument of crime, 18 P.C.S. § 907(b), and possession of marijuana, 35 P.S. § 780-113(a)(31), but these charges were withdrawn prior to trial.

[3] 42 Pa.C.S. §§ 9541-9546.

the court denied. On June 27, 2019, Appellant timely filed both a notice of appeal and a Pa.R.A.P. 1925(b) statement of issues on appeal.

Appellant presents two issues for our review:

1. Did the trial court err in denying Appellant's post sentencing motions since Appellant's robbery-threatening serious bodily injury [18 Pa.C.S. § 3701 (a) (1) (ii)] conviction was not supported by sufficient evidence since Appellant simply and briefly put his hand on the bicycle[, N.T., 1/18/18, at 19], Appellant never uttered a word during the entire encounter, [Victim] told Appellant "that he couldn't take the bike" [*id.*, Victim] continued to wheel the bicycle into the hotel and Appellant did not thereafter make any attempt to take the bicycle[, N.T. at 21]; the incident involving the bicycle ended at that point and any further actions by Appellant may have constituted terroristic threats toward [Victim] but Appellant was only charged with one count of robbery and not terroristic threats or any other crime related to [Victim] or the bicycle. Appellant's action of briefly putting his hand on the bicycle and uttering no words could have been interpreted in a multitude of ways, but was not sufficient to prove him guilty, beyond a reasonable doubt, of an attempted robbery accompanied by a threat of serious bodily injury (an attempt to take the bicycle by force from [Victim], with accompanying threats of serious bodily injury)?

2. Did the trial court err in denying Appellant's post sentencing motions since Appellant's sentence of 5-10 years' state imprisonment, regardless of the sentencing guidelines, was manifestly excessive since the factual scenario regarding the crime only involved Appellant briefly placing one hand on a bicycle, with no further attempt at taking the bicycle?

Appellant's Brief at 7.[4]

---

[4] We remind counsel, "The statement of questions involved must concisely state the issues to be resolved . . . without unnecessary detail." *See* Pa.R.A.P. 2116(a).

Appellant avers the evidence is insufficient to convict him of robbery, contending he never made any legitimate attempt to steal the bicycle and did not communicate any threats to Victim. Appellant claims "[a]ll he did . . . was place his hand on a bicycle that [Victim] was rolling back into the hotel." Appellant's Brief at 13. Appellant claims he "never uttered a word during the encounter, and [Victim], who is a well-built, very muscular bodybuilder, nearly 6' tall, 225 pound, . . . healthy young man," was never touched or injured during the entire encounter. *Id.*, *citing* N.T., 1/18/18, at 19. Appellant also reasons "[t]he incident involving the bike ended at that point" and his subsequent conduct may have, at most, established terroristic threats, a crime not charged. *Id.* at 13.

> Our standard of review is well-settled:
>
> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Walker*, 139 A.3d 225, 229 (Pa. Super. 2016) (citations omitted). Pursuant to Section 3701(a)(ii) of the Pennsylvania Crimes Code, "[a] person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes

serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S § 2301.

> A conviction under Section 3701(a)(1)(ii) is contingent upon the type of bodily harm threatened. The Commonwealth need not prove a verbal utterance or threat to sustain a conviction under Section 3701(a)(1)(ii). It is sufficient if the evidence demonstrates aggressive actions that threatened the victim's safety. For the purposes of Section 3701(a)(1)(ii), the proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of "immediate serious bodily injury."

*Commonwealth v. Ouch,* 199 A.3d 918, 923–24 (Pa. Super. Ct. 2018) (citations & quotation marks omitted). Further, "the threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury, not merely fear of 'serious bodily injury.'" *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. 2000).

In addressing the sufficiency claim, the trial court noted the evidence clearly established Appellant attempted to grab the bicycle. Trial Ct. Op. at 5. In fact, Appellant appears to concede this point. However, the trial court, sitting as the finder of fact, found that when Victim showed resistance, Appellant contemporaneously flashed a firearm located in his waistband. Appellant further made a hand gesture simulating the firing of a gun toward Victim as Appellant fled the scene. The trial court explained these actions constituted ample evidence that Appellant intended to place Victim in fear of being seriously injured. *Id.*; *See Ouch*, 199 A.3d at 923. The fact that the item used in this crime was not a real firearm, *i.e.* a paintball gun, does not

negate the threat calculated to inflict fear of deadly injury to Victim. *Id.*; *see also*, *Hopkins* 747 A.2d at 914. Accordingly, Appellant's first issue fails.

Next, Appellant challenges the discretionary aspects of his sentence. He claims the sentence imposed was manifestly excessive because it was "disproportionate to the offense of the simple act of briefly putting one's hand upon a bicycle and making no attempts take the bicycle." Appellant's Brief at 9. Again, Appellant's argument rests solely on this rather one-sided recitation of facts, rejected by the trial court. Appellant also contends the trial court did not provide sufficient reasons for the excessive sentence.

A discretionary aspects of sentencing claim is not appealable as of right, but "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation omitted). Before we reach the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, *See* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013) (citation omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judges' actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. McNabb***, 819 A.2d 54, 56 (Pa. Super. 2003) (citations omitted). "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Furthermore, "[a]n allegation that the sentencing court did not adequately set forth its reasons on the record" likewise presents a substantial question. ***Commonwealth v. Brown****,* 741 A.2d 726, 735 (Pa. Super.1999).

Appellant complied with the procedural requirements for this appeal by filing a timely post-sentence motion *nunc pro tunc* and notice of appeal. In his appellate brief, Appellant includes a statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). ***See Edwards***, 71 A.3d at 329-30; Appellant's Brief at 9. Furthermore, his claims, that the sentence was disproportionate to his crimes and the trial court did not provide sufficient reasons for the excessive sentence, raise substantial questions invoking this Court's jurisdiction. ***See Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Furthermore, "[a]n allegation that the sentencing court did not adequately set forth its reasons on the record" likewise present a substantial

question. *Commonwealth v. Brown*, 741 A.2d at 735; *Brown*, 741 A.2d at

735. Thus, we consider the merits of Appellant's claim.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. . . .

*Moury*, 992 A.2d at 169-70 (citation omitted).

> Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Id* at 171 (citations omitted).

> "Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI], thus properly considering and weighing all relevant factors."

*Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. Ct.

2018), *appeal denied*, 202 A.3d 41 (Pa. 2019).

> When imposing a sentence, "[a] court is required to consider the particular circumstances of the offense and the character of the defendant." "In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation."

*Moury*, 992 A.2d at 171 (citations omitted).

Here, the trial court explained:

The record in this case supports the sentence imposed by this Court. Notably, the sentence imposed was near the low end of the standard range of the sentencing guidelines. This Court reviewed the presentence report and considered the contents of that report in imposing sentence. This Court was persuaded that the sentence imposed was appropriate because [Appellant] was serving a probationary sentence for a separate offense that had been imposed by this Court just three weeks prior to the [Appellant's] commission of the robbery in this case. [Appellant] had been involved in unlawful conduct at the Fairmont Hotel in the past. This Court also considered the effect [Appellant's] actions had on [V]ictm. [V]ictim testified that he was traumatized by the events that occurred during the robbery. Based on the circumstances of this case, this Court believed that a county jail sentence was not appropriate. In this Court's view, a standard range sentence was the appropriate sentence. Accordingly, the sentence should not be disturbed.

Trial Ct. Op. at 7-8.

The trial court weighed the information in the PSI concerning Appellant's criminal history, and thus we presume it was aware of all appropriate sentencing factors and considerations. *See Edwards*, 194 A.3d at 638; *Moury*, 992 A.2d at 175. At the time he committed the crime, Appellant was on probation for three additional cases, one of which occurred at the Fairmont Hotel. The court based its sentence in part upon Appellant's probationary status. *See McNabb*, 819 A.2d at 57. Further, Appellant's argument does not specify a violation of any fundamental norm or a specific provision of the Sentencing Code; rather, Appellant merely reiterates his challenge to the sufficiency of the evidence based upon his selective version of facts in arguing for a lesser sentence. *See id.* at 56. The record demonstrates the trial court

considered all statutory and mitigating factors in fashioning its sentence. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judge Olson joins this memorandum.

Judge Musmanno files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2020