J-S14012-25

2025 PA Super 156

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDREW DAVIS, III | : | |
| | : | |
| Appellant | : | No. 1025 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 29, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002825-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDREW DAVIS, III | : | |
| | : | |
| Appellant | : | No. 1026 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 29, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003720-2020

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY BECK, J.:                                           **FILED JULY 22, 2025**

Andrew Davis, III ("Davis") appeals from the judgment of sentence entered by the Delaware County Court of Common Pleas ("sentencing court") following his open guilty plea at docket CP-23-CR-0002825-2020 (the "assault docket") to aggravated assault, simple assault, recklessly endangering

_____

[*] Former Justice specially assigned to the Superior Court.

another person, burglary, criminal trespass, harassment, and at docket CP-23-CR-0003720-2020 (the "threat docket") to multiple counts of intimidating a witness and one count of terroristic threats.[1] Davis purports to challenge the legality of his sentence. Because we conclude, however, that Davis actually presents a challenge to the discretionary aspects, and not the legality, of his sentence and that he failed to properly raise and preserve this issue for appellate review, we affirm.

On the night of June 16, 2020, Davis entered the home of his ex-paramour, Latifah Bolds ("Bolds"), without her knowledge or consent and, upon finding her in bed with another man, physically attacked her until she lost consciousness. Bolds sustained a concussion, two broken bones in her skull, a broken orbital bone, and a broken nose. Bolds' injuries required surgery, and she missed several months of work.

When police responded to the scene, they observed Bolds' blood on the walls and floor. They also observed a blue Buick driving back and forth in front of Bolds' home. After police stopped the vehicle, they noticed fresh fingerprints on the trunk and asked its driver, Davis' then-paramour Brittany Washington ("Washington"), if they could search the trunk. Washington consented to the search and police found Davis inside the trunk. Police

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 2701(a)(1), (3), 2705, 3502(a)(1)(i), 3503(a)(1)(i), 2709(a)(1), 4952(a)(1), (2), 2706(a)(1).

removed Davis from the vehicle and questioned him about Bolds' assault. Davis eventually admitted to police that he entered Bolds' home and assaulted her.

Police arrested Davis and charged him with the above-referenced crimes at the assault docket. Following his arrest, Davis began leaving Bolds voicemails in which he not only attempted to bribe her to prevent her from testifying against him, but threatened to kill her if she testified against him. Consequently, the Commonwealth charged Davis with the above-referenced crimes at the threat docket.

On February 29, 2024, Davis entered an open guilty plea to all charges at both dockets and the trial court proceeded immediately to a sentencing hearing. During the sentencing hearing, the sentencing court made several references to Davis' past drug-dealing activities. *See* N.T., 2/29/2024, at 47, 51-52. The same day, the sentencing court sentenced Davis to an aggregate term of five to ten years in prison at the assault docket consecutive to another five to ten years in prison at the threat docket, for a total period of incarceration of ten to twenty years. Davis filed a timely post-sentence motion for reconsideration of sentence, which the sentencing court denied.

Davis filed timely notices of appeal to this Court. Both Davis and the sentencing court have complied with Pennsylvania Rule of Appellate Procedure 1925. On August 13, this Court sua sponte consolidated Davis' appeals from the assault and threat dockets. He presents the following issue for review:

"Did the sentencing court impose an illegal sentence when it based its sentence in part on what it believed was [Davis'] on-going drug dealing activity, even though there were no convictions to support that reasoning?" Davis' Brief at 2.

Davis argues that his sentence is illegal because the sentencing court relied on impermissible factors in fashioning his sentence. *Id.* at 5-7. Specifically, he asserts that the sentencing court based his sentence on the improper inference that he was engaged in ongoing drug dealing activities because he had previously been arrested for drug-related crimes, but the court failed to reference any specific convictions that resulted from those arrests during the sentencing hearing. *See id.* Davis maintains that "prior arrests without an attendant conviction are impermissible sentencing factors[.]" *Id.* at 6. He contends that the sentencing court therefore based his sentence on its "supposition" that he is a drug dealer. *Id.*

In response, the Commonwealth argues that the claim Davis raises is not that his sentence is illegal but rather a challenge to the discretionary aspects of his sentence. Commonwealth's Brief at 12. The Commonwealth further asserts that Davis' discretionary sentencing claim is not properly before this Court because Davis did not include in his appellate brief a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) seeking permission to appeal the discretionary aspects of his sentence, and

because he did not preserve the specific sentencing claim he raises in his Rule 1925(b) statement. *Id.*

"The determination as to whether a trial court imposed an illegal sentence is a question of law[.]" ***Commonwealth v. Clary***, 226 A.3d 571, 581 (Pa. Super. 2020) (citation omitted). For questions of law, "our standard of review is de novo, and our scope of review is plenary." ***Commonwealth v. Stevenson***, 318 A.3d 1264, 1270 (Pa. 2024).

In support of his claim, Davis relies on our Supreme Court's recent decision in ***Commonwealth v. Berry***, 323 A.3d 641 (Pa. 2024). In that case, Berry was convicted of several crimes related to the sexual abuse of two young family members. *Id.* Although he had no prior convictions or juvenile adjudications, and thus a prior record score of zero, the trial court imposed a sentence that departed significantly upward from the standard guideline sentencing range. In support, the trial court cited Berry's arrest record, which the court characterized as other previous contacts with the criminal justice system, as a factor. *Id.*

Following its grant of discretionary review, the Supreme Court concluded "the sentencing court committed an error of law when it relied upon prior arrests as a sentencing factor[.]" *Id.* at 654. The Court stated that "[i]f a sentencing court chooses to depart from the guidelines, it must provide its reasons for doing so" and that "the sentencing court indicated that a reason for the sentence—an upward departure from the guideline range—was Berry's

arrest record." *Id.* at 654-55. The Court explained, however, that "evidence of a defendant's arrest record is inadmissible and irrelevant in nearly every criminal law context[,]" including sentencing, as "a sizeable percentage of arrests do not lead to convictions." *Id.* at 648, 653 (citation omitted). The Court also pointed out that the Sentencing Code does not require a court to consider a defendant's prior arrests in determining a sentence. *Id.* at 649. The Supreme Court therefore held that a defendant's arrest history, without resultant convictions, is an impermissible factor for courts to consider at sentencing, finding it "incompatible with settled law establishing that arrests, without convictions, simply have no value as probative matter." *Id.* at 655.

Davis suggests that *Berry* stands for the proposition that a claim that a sentencing court improperly relied on a criminal defendant's prior arrest history in imposing a sentence is a claim implicating the legality of a sentence. *See* Davis' Brief at 5-6. Our Supreme Court in *Berry*, however, made no such suggestion. To the contrary, the *Berry* Court made clear that Berry had challenged "the discretionary aspects of [his] sentence." *Berry*, 323 A.3d at 643. Additionally, Davis' argument is contrary to decades of case law holding that a claim a sentencing court relied on impermissible factors in imposing a sentence presents a challenge to the discretionary aspects of a sentence. *See, e.g., id.*; *Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa. Super. 2017) (stating that an argument that a sentencing considered impermissible factors in determining a sentence is one of the "very hallmarks of a claim that

implicates the discretionary aspects of a sentence"); **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (finding that a claim of a sentencing court's reliance upon impermissible factors in fashioning a sentence implicates the discretionary aspects of sentencing); **Commonwealth v. McNabb**, 819 A.2d 54, 56-57 (Pa. Super. 2003) (same).

Generally, a claim challenging a sentencing court's legal authority to impose a particular sentence, as opposed to its exercise of discretion, presents a question regarding the legality of the sentence. **Clary**, 226 A.3d at 579-80. Our Supreme Court has explained that illegal sentencing claims arise in "four broad categories" of cases: (1) "a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute"; (2) "a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority"; (3) "claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant"; and (4) "the statutory support for the underlying conviction is void *ab initio*." **Commonwealth v. Prinkey**, 277 A.3d 554, 562-63 (Pa. 2022). Davis' challenge to the sentencing court's consideration of his arrest history when fashioning his sentence does not fall under any of these categories.

Because Davis' claim that the sentencing court relied on an impermissible factor in determining his sentence challenges the sentencing court's exercise of discretion, and not its legal authority to impose a sentence,

we conclude that he has raised a claim challenging the discretionary aspects of his sentence.[2] *See Berry*, 323 A.3d at 643; *see also Clary*, 226 A.3d at 579-80; *Prinkey*, 277 A.3d at 562-63. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc). To invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, an appellant must satisfy a four-part test: (1) the appellant preserved the issue by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth in his brief a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f); and (4) the appellant raises a substantial question for review.[3] *Commonwealth v. Banks*, 198 A.3d 391, 401 (Pa. Super. 2018).

_____

[2] We recognize that a panel of this Court ruled otherwise in a non-precedential decision very shortly after *Berry* was decided. *See Commonwealth v. Woodson*, 332 A.3d 1261, 2024 WL 5205605, *3 (Pa. Super. 2024) (non-precedential decision). That decision, however, was made without the benefit of briefing on this issue. *See id.* Further, while non-precedential decisions may be cited for persuasive authority, they are not binding. *See* Pa.R.A.P. 126(b); *Commonwealth v. Rowe*, 293 A.3d 733, 743 n.6 (Pa. Super. 2023).

[3] When a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

Here, Davis failed to include a Rule 2119(f) statement in his appellate brief and the Commonwealth has expressly objected to his failure to do so. **See** Commonwealth's Brief at 13. As such, we cannot review his discretionary sentencing claim. **See Commonwealth v. Devine**, 326 A.3d 935, 939 (Pa. Super. 2024) (concluding that if an appellant fails to include a Rule 2119(f) statement in his appellate brief and the Commonwealth objects, the issue is waived); **see also Commonwealth v. Derrickson**, 242 A.3d 667, 680 (Pa. Super. 2020) (stating that the 2119(f) statement must "sufficiently articulate[ ] the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process" for this Court to conduct its review).[4] Because we cannot review Davis' discretionary aspects of sentencing claim, and he has raised no other issues for review, we must affirm his judgment of sentence.

Judgment of sentence affirmed.

_____

[4] Additionally, we note, as does the Commonwealth, that Davis failed to include in his Rule 1925(b) statement his specific claim that the sentencing court erred in considering his prior drug dealing activities in fashioning his sentence. **See** Rule 1925(b) Statement, 5/1/2024, at 1-2. Davis' discretionary sentencing claim is therefore waived on this basis as well. **See** Pa.R.A.P. 1925(b)(3)(iv) (stating that "any issue not properly included in the Statement … shall be deemed waived").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025